## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,          )
425 Third Street SW, Suite 800    )
Washington, DC 20024,         )
                                   )
         Plaintiff,        )
                                   )     Civil Action No.
v.                             )
                                   )
U.S. DEPARTMENT OF JUSTICE,  )
950 Pennsylvania Avenue NW   )
Washington, DC 20530-0001,    )
                                   )
         Defendant.     )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.    Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the

American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("Defendant" or "DOJ") is an agency of the

United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington,

DC 20530-0001.   On information and belief, Defendant has possession, custody, and control of

records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On February 23, 2018, Plaintiff submitted a FOIA request to the Federal Bureau

of Investigation ("FBI"), a component of Defendant, seeking the following records for the

timeframe specified:

> **Any and all records regarding, concerning, or relating to the
> investigation of Nadir Soofi, killed in Garland, Texas on May
> 3, 2015.  As part of this request, Judicial Watch asks that the
> FBI search its automated indices, its older general (manual)
> indices, and its Electronic Surveillance (ELSUR) Data
> Management System (EDMS).  Requested records shall also
> include any communications between FBI employees,
> informants and/or sources and Mr. Soofi.**

6.      The FBI responded to Plaintiff's request by a letter dated March 8, 2018 and

advised Plaintiff that the request has been assigned FOIPA Request No. 1397897-000.

7.      On April 5, 2018, the FBI informed Plaintiff that at least some responsive records

had been located but were being withheld under FOIA Exemption 7(A).  Plaintiff subsequently

submitted a timely appeal.  By a letter dated May 18, 2018, Defendant's Office of Information

Policy informed Plaintiff that it was affirming the FBI's denial of Plaintiff's request.  The appeal

had been designated as Appeal No. DOJ-AP-2018-004799.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant has violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

10.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11.      Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 5, 2018                              Respectfully submitted,

                                                  */s/  James F. Peterson*
                                                  James F. Peterson
                                                  D.C. Bar No. 450171
                                                  JUDICIAL WATCH, INC.
                                                  425 Third Street SW, Suite 800
                                                  Washington, DC 20024
                                                  Phone: (202) 646-5172

                                                  *Counsel for Plaintiff*